Ray K. Shahani, Esq., State Bar No. 160,814
Attorney at Law
Twin Oaks Office Plaza
477 Ninth Avenue, Suite 112
San Mateo, California 94402-1854
Telephone:     (650) 348-1444
Facsimile:     (650) 348-8655
Email:         rks@attycubed.com

Attorney for Plaintiff
NWC NATURALS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| NWC NATURALS, INC, a California corporation,<br><br>                Plaintiff,<br><br>    vs.<br><br>THE BIOSET GROUP, LLC, a Florida corporation and DOES 1-10,<br><br>                Defendants. | Case No:<br><br>COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR:<br><br>1.    Federal Law Trademark Infringement;<br>2.    Federal Law Unfair Competition and False Designation of Origin;<br>3.    Federal Law Dilution of Trademarks; and<br>4.    State Law Unfair Competition<br><br>Demand for Jury Trial |

Plaintiff NWC NATURALS, INC., a California corporation ("Plaintiff" and/or "NWC") for their complaint against THE BIOSET GROUP ("Defendant" and/or "TBG"), a Florida corporation , and DOES 1-10 (collectively "Defendants"), alleges as follows:

Nature of this Action

1.    This is an action to redress violations of the federal trademark laws under 15 U.S.C. §1114, et seq., federal unfair competition and false designation of origin under 15 USC § 1125(a), federal dilution of trademarks under 15 U.S.C. § 1125(a), and violations of California state law of unfair competition under Cal. Bus. & Prof. Code §17200 et seq., as a result of willful

and unauthorized use by Defendants and each of them of NWC's Registered Trademark "PRO-BIOTICS PLUS", as more fully set forth hereinafter. NWC seeks injunctive relief restraining continued infringement of NWC's trademark by Defendants and each of them, and damages as the direct and proximate result thereof, and related relief. Unless Defendants' use of the trademark is stopped, the damage to Plaintiff NWC will be irreparable.

Plaintiff, for its claims against Defendants, further alleges the following:

## Jurisdiction and Venue

2. This Court has subject matter jurisdiction over this Claim pursuant to 15 U.S.C. §§ 1121, 1125(a) and 28 U.S.C. §§ 1331, 1338 and 1367 because this is an action which involves claims arising under the U.S. trademark laws, as well as related claims for unfair competition. This Court also has jurisdiction of this case under 28 U.S.C. § 1332 because the citizenship of the parties is entirely diverse and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and ( c ) in that Defendants, and each of them, are subject to personal jurisdiction in this district because this is the district in which acts of trademark infringement and unfair competition occurred, and where Plaintiff has sustained damages. Venue is also proper because Defendants' products are available in California and over the internet, are sold to residents of California and are shipped into California regularly and on a systematic basis.

## Intradistrict Assignment

4. Assignment on a district-wide basis is appropriate under Civil Local Rule3-2 ( c ) because this is an Intellectual Property Action.

## The Parties

5. Plaintiff NWC NATURALS, INC., is a California corporation, having a business address at 27071 Cabot Road, Suite 117, Laguna Hills, California.

6. Upon information and belief, THE BIOSET GROUP ("TBG") is a Florida corporation having a business address at 1728 Corporation Drive, Boynton Beach, Florida, 33426.

## Allegations Common To All Counts

1     7.     Since 1995, NWC has been manufacturing, distributing, marketing and selling all natural probiotics, digestive enzymes, systemic enzymes and whole food nutritional supplements. In 2002, NWC launched its PRO-BIOTICS PLUS dietary supplement, and has been distributing, marketing and selling PRO-BIOTICS PLUS branded dietary supplement through its own websites www.NWCNaturals.com, www.ProbioticsPlus12.com and others, and/or other retail and wholesale channels. Over the years, NWC has made extensive efforts and invested large sums of money and committed substantial resources to establish and promote the PRO-BIOTICS PLUS brand line of products, which efforts, investments and commitment of resources contribute greatly to its current status as one of NWC's top selling product lines. In addition, NWC markets its products through its websites. PRO-BIOTICS PLUS is a highly active formula with years of technology behind it. See Exhibit A.

    8.     NWC has never authorized the use of its PRO-BIOTICS PLUS registered trademark by any one of the Defendants.

<div align="center">Registered Trademark</div>

    9.     NWC is the sole owner of incontestable U.S. Trademark Registration No. 2,767,607 registered September 23, 2003 for the mark "PRO-BIOTICS PLUS" in Class 5 (the "Registered Mark"), said Federal Registration valid and subsisting and now incontestible in accordance with the provisions of the Trademark Act, 15 U.S.C. §§ 1065, 1115(b). See Exhibit B.

    10.     Since as early as August 6, 2002, Plaintiff has used the PRO-BIOTICS PLUS trademark systematically and continuously throughout the United States in connection with the products listed in the foregoing registration, including nutritional supplements.

    11.     NWC's PRO-BIOTICS PLUS trademark is inherently distinctive and has acquired distinctiveness through continuous and widespread use of the Registered Trademark in the U.S. and worldwide.

<div align="center">Defendants' Infringing Activities</div>

    12.     TBG does business through its website www.Bioset.net and others (the "TBG Websites") and markets, distributes and sells a range of "Theramedix BioSET Probiotic Plus"

1  branded nutritional supplements through a membership-based network of "accredited" health
2  care-related practitioners, over the its website(s) and the website(s) of online third party
3  distributors/marketers, and/or other channels.

4  13.  In around September of 2014, NWC became aware that Defendants were
5  displaying and offering for sale and selling "Theramedix BioSET Probiotic Plus" (the
6  "Infringing Marks") branded nutritional product(s) (the "Infringing Products") through a
7  membership-based network of "accredited" health care-related practitioners promoted over its
8  website(s). See Exhibit C.

9  14.  None of the Defendants were or are authorized manufacturers, distributors,
10  licensees or importers of NWC products or trademarks.

11  15.  On September 8, 2013, NWC put Defendants on notice of infringement by
12  sending Defendants an email requesting Defendants to cease and desist use of the Infringing
13  Marks and sale of the Infringing Products. The following day, NWC received a response to the
14  notice of infringement. See Exhibit D.

15  16.  Despite knowledge of NWC's Registered Mark, Defendants continue to use the
16  Infringing Mark by displaying and offering for sale unauthorized Infringing Products through the
17  TBG websites and other channels of product distribution.

18  17.  Defendants are likely to expand their willful and unauthorized use of NWC's
19  PRO-BIOTICS PLUS Registered Trademark on the TBG websites and third-party websites, and,
20  unless restrained by this Court, will continue to unfairly compete with NWC by use of the
21  Infringing Marks and by displaying, marketing and selling Infringing Products.

22  <center>FIRST CAUSE OF ACTION
(Federal Trademark Infringement)
23  (15 U.S.C. § 1114(1)(a) et seq.)</center>

24  18.  Plaintiff repeats each and every allegation set forth in paragraphs l through 17
25  above.

26  19.  The incontestable U.S. registered trademark PRO-BIOTICS PLUS (the
27  "Registered Trademark") as described above has been extensively used, advertised, and
28  promoted throughout the United States and the world in connection with NWC's products as

identified above.

20. The Registered Trademark is inherently distinctive. Morever, it is conclusively distinctive because the registration is incontestible as described above. As a result of NWC's use, advertisement and promotion of NWC's Registered Trademark, the Registered Trademark has become well and favorably known throughout the United States and the world as identifying NWC and its nutritional supplement products. NWC has developed exceedingly valuable goodwill with respect to its Registered Trademark.

21. Upon information and belief, Defendants, and each of them, have knowingly, willfully and intentionally created, imported, advertised, promoted, displayed, offered for sale and/or sold Infringing Products bearing identical, nearly identical and/or confusingly similar copies of NWC's Registered Trademark.

22. Defendants' use of the Infringing Marks for promotion and sale of their Infringing Products is likely to cause confusion and to cause members of the relevant public and trade to believe that Defendants' products are provided by or in affiliation with or under the license, sponsorship or approval of NWC when used in connection with the identical, substantially similar, or related goods.

23. Upon information and belief, Defendants willfully and intentionally selected, adopted and/or used the Registered Trademark on their goods with knowledge of the valuable goodwill and business reputation associated therewith, and with intent to confuse, mislead, and deceive the relevant consuming public into believing that Defendants' goods originate with NWC or are in some manner associated with, approved or endorsed by NWC.

24. Defendants' actions constitute knowing, deliberate, and willful infringement of NWC's Registered Trademark. The knowing and intentional nature of the acts set forth herein render this an exceptional case under 15 U.S.C. § 1117(a).

25. Unless restrained by this Court, Defendants will continue to infringe NWC's Registered Trademark by using the Registered Trademark and/or the Infringing Trademarks on Defendants' goods.

26. As a result of Defendants' infringement, NWC has suffered substantial damages,

1  as well as the continuing loss of the goodwill and reputation established by NWC in its

2  Registered Trademark. This continuing loss of goodwill cannot be properly calculated and thus

3  constitutes irreparable harm and an injury for which NWC has no adequate remedy at law. NWC

4  will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

<div style="text-align:center">

SECOND CAUSE OF ACTION
(Federal Unfair Competition and False Designation of Origin)
(15 U.S.C. § 1125(a))

</div>

7   27.  Plaintiff repeats each and every allegation set forth in paragraphs l through 26

8  above.

9   28.  Defendants have deliberately and willfully attempted to trade on NWC's

10 longstanding and hard-earned goodwill in its name and mark and the reputation established by

11 NWC in connection with its products and services, as well as in order to confuse consumers as to

12 the origin and sponsorship of Defendants' goods and to pass off their products and services in

13 commerce as those of NWC.

14  29.  Defendants' unauthorized and tortious conduct has also deprived and will

15 continue to deprive NWC of the ability to control the consumer perception of its products and

16 services offered under NWC's marks, placing the valuable reputation and goodwill of NWC in

17 the hands of Defendants.

18  30.  Defendants' conduct is likely to cause confusion, mistake or deception as to the

19 affiliation, connection or association of Defendants and their inferior quality products with

20 NWC, and as to the origin, sponsorship or approval of Defendants and their products and

21 services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1).

22  31.  Defendants had direct and full knowledge of NWC's prior use of and rights in its

23 mark before the acts complained of herein. The knowing, intentional and willful nature of the

24 acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

25  32.  As a result of Defendants' aforesaid conduct, NWC has suffered commercial

26 damage, as well as the continuing loss of the goodwill and reputation established by NWC in its

27 mark. This continuing loss of goodwill cannot be properly calculated and thus constitutes

28 irreparable harm and an injury for which NWC has no adequate remedy at law. NWC will

1  continue to suffer irreparable harm unless this Court enjoins Defendants' conduct.

## THIRD CAUSE OF ACTION
(Dilution of Trademarks )
(15 U.S.C. § 1125(c)(2))

33.   Plaintiff repeats each and every allegation set forth in paragraphs l through 34 above.

34.   Plaintiff's Registered Trademark PRO-BIOTICS PLUS has become a famous trademark and is therefore subject to protection as a famous trademark under Section 43 ( c ) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125(c)(2).

35.   The aforesaid acts of Defendants are likely to dilute Plaintiff's famous and well known PRO-BIOTICS PLUS mark insofar as Defendants' use of the Registered Trademark and/or the Infringing Marks as the name of their Infringing Products in connection with sales of the Infringing Products is likely to lessen the capacity of the famous PRO-BIOTICS PLUS Registered Trademark to uniquely identify and distinguish the goods and services of Plaintiff.

36.   The aforesaid acts of Defendants constitute dilution of Plaintiff's famous PRO-BIOTICS PLUS Registered Trademark in violation of Section 43( c) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125( c).

37.   As to all of the above Counts, Defendants' aforesaid acts greatly and irreparably damage Plaintiff and will continue to so damage Plaintiff unless restrained by this Court.

38.   NWC has no adequate remedy at law.

## FOURTH CAUSE OF ACTION
(State Law Unfair Competition)
(Cal. Bus. Prof. § 17200 et seq.)

39.   Plaintiff repeats each and every allegation set forth in paragraphs l through 38 above.

40.   Defendants' above-averred actions constitute unlawful, unfair, and fraudulent business practices and unfair, deceptive, misleading, and false advertising in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*

41.   By their wrongful acts, Defendants, unless restrained by this Court, will cause serious and irreparable harm to NWC.

Complaint For Trademark Infringement, etc.
NWC v. The BioSET Group et al.

Page 7 of 10

1  42. NWC has no adequate remedy at law.

## PRAYER

Wherefore, Plaintiff demands judgment as follows:

1. Injunctive relief temporarily and permanently enjoining each of the Defendants collectively and individually, their agents, directors, officers, servants, owners, shareholders and employees, and all those in privity with the named Defendants, from using PRO-BIOTICS PLUS or any variant thereof in any manner, directly or indirectly, and from marketing, advertising, labeling, promoting probiotics, prebiotics, enzymes, nutritional supplements, dietary supplements, or similar or related goods or services, and from engaging in unfair competition against Plaintiff and from defaming Plaintiff in connection with marketing, advertising, labeling, or promoting probiotics, prebiotics, enzymes, nutritional supplements, dietary supplements, or similar or related goods or services, during the pendency of this action and thereafter forever permanently in perpetuity;

2. Injunctive relief temporarily and permanently enjoining each of the Defendants from otherwise infringing Plaintiff's Registered Trademark;

3. Injunctive relief temporarily and permanently enjoining each of the Defendants from otherwise competing unfairly with Plaintiff;

4. Ordering an accounting of the gains and profits realized by all Defendants collectively and individually from all the aforementioned wrongful acts and/or any use of the Registered Mark or the Infringing Marks any variant thereof in any manner, directly or indirectly;

5. Requiring all Defendants collectively and individually to cause to be destroyed any material in their possession bearing a reproduction or colorable imitation of PRO-BIOTICS PLUS or any variant thereof in any manner, directly or indirectly, including without limitation: signs, brochures, packages, bottles, wrappers, advertisements, flyers, testimonials, labels, invoices, fax cover sheets, computer files, electronic data, computers and computer servers, digital storage media, floppy disks, CDs, DVDs, and any other printed material and internet websites;

6. Awarding Plaintiff any and all profits made by Defendants as a result of the aforesaid infringement, together with interest thereupon in an amount presently unknown;

7. Awarding Plaintiff punitive damages from the Defendants collectively and individually to punish Defendants for their willful and reckless indifference to the rights of other exemplified by their willful misappropriation and dilution of Plaintiff's Registered Trademark or any variant thereof and for the unfair competition practiced by Defendants against Plaintiff;

8. Ordering Defendants, under 15 U.S.C. § 1116, to file with the Court and serve on Plaintiff and its attorney(s) of record a report in writing under oath setting forth in detail the manner and form in which Defendants collectively and individually have complied with the terms of the judgment and injunction;

9. For Plaintiff's damages in an amount presently unknown but believed to be at least $500,000.00, together with interest, sufficient to compensate Plaintiff for trademark infringement, as the Court may deem just and proper;

10. For damages for lost business profits, if any, and other costs to rehabilitate and reinstate the reputation and fame of the PRO-BIOTICS PLUS Registered Trademark;

11. For treble damages and for an award of special damages, attorneys fees and interest as allowable by law, including but not limited to pursuant to 15 USC Section 1117(b); and

12. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

RAY K. SHAHANI
ATTORNEY AT LAW

Dated: September 25, 2014      By:    /Ray K. Shahani/
                                      Ray K. Shahani, Esq.
                                      Attorney for Plaintiff NWC NATURALS, INC.

///

1                                          <u>DEMAND FOR JURY TRIAL</u>

2          Plaintiff NWC NATURALS, INC., hereby demands a jury trial of all issues in the above-

3 captioned action which are triable to a jury.

4                                                      RAY K. SHAHANI
                                                          ATTORNEY AT LAW

5

6 Dated: <u>September 25, 2014</u>      By:      <u>/Ray K. Shahani/</u>
                                                                Ray K. Shahani, Esq.
7                                     Attorney for Plaintiff NWC NATURALS, INC.

8 ///